PER CURIAM.
Appellant signed a contract to purchase a condominium, giving a deposit of $1,000. When he was unable to secure bank financing, he sought financing from the seller of the condominium, the appellee, pursuant to a mortgage finance rider attached to the sales contract. That rider gave the seller the discretion to decline to finance, based on credit worthiness. It further provided that if the seller declined to finance, appellant could either buy the unit with cash or cancel the contract by accepting the return of his deposit.
The seller declined to finance and offered appellant the return of his deposit, which appellant accepted. Appellant subsequently brought this lawsuit, which the trial court eventually disposed of by granting the seller’s motion for summary judgment.
Under the contract, appellant, if there was a default by the seller, had the right to seek specific performance or the return of his deposit. The contract further provided that upon return of the deposit, seller would have no other liability to appellant. We affirm the summary judgment, concluding that appellant’s acceptance of the return of his deposit bars him from seeking any additional relief.
KLEIN, SHAHOOD and GROSS, JJ„ concur.